**No. 26-1248**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

CAREFIRST OF MARYLAND, INC.; GROUP HOSPITALIZATION & MEDICAL SERVICES, INC.; CAREFIRST BLUECHOICE, INC., on behalf of themselves and all others similarly situated,
*Plaintiffs-Appellants,*
v.
JOHNSON & JOHNSON; JANSSEN BIOTECH, INC.,
*Defendants-Appellees.*

On Appeal from the United States District Court
for the Eastern District of Virginia
Case No. 2:23-cv-629 (Hon. Jamar K. Walker)

**MOTION OF TECHFREEDOM AND FORMER FEDERAL ANTITRUST OFFICIALS FOR LEAVE TO FILE BRIEF AS AMICI CURIAE IN SUPPORT OF DEFENDANTS-APPELLEES AND AFFIRMANCE**

Pursuant to Federal Rule of Appellate Procedure 29(a)(3), TechFreedom and the former federal antitrust officials identified in the appendix to the accompanying brief (collectively, “amici”) respectfully move for leave to file the accompanying brief as amici curiae in support of Defendants-Appellees and affirmance. Counsel for Defendants-Appellees have consented to the filing of the brief; the consent of Plaintiffs-Appellants has not been obtained. The proposed brief accompanies this motion, as Rule 29(a)(3) requires, and the motion is filed within the time Rule 29(a)(6) allows—no later than seven days after the principal brief of the party amici support, which Defendants-Appellees filed on August 12, 2026.

## I. The Interest of Amici

TechFreedom is a nonprofit think tank based in Washington, D.C., with an interest in ensuring that antitrust law promotes the public interest by protecting efficient and welfare-enhancing conduct from liability. The individual amici—Alden F. Abbott, former General Counsel of the Federal Trade Commission; Daniel J. Gilman, former Attorney Advisor in the Commission's Office of Policy Planning; and Abbott B. (Tad) Lipsky, Jr., former Acting Director of the Commission's Bureau of Competition and former Deputy Assistant Attorney General in the Antitrust Division of the United States Department of Justice—have investigated, litigated, advised on, or supervised the enforcement of Section 2 of the Sherman Act (directly and through Section 5 of the Federal Trade Commission Act) and the merger laws. They appear in their individual capacities; former affiliations are noted for identification only.

Amici's interest is in the administrability of the monopolization standard. Effective enforcement depends on conduct rules clear enough that agencies can identify violations, firms can conform their conduct in advance, and courts can apply the rules without condemning competition itself. Amici have no financial interest in the outcome of this appeal.

## II. An Amicus Brief Is Desirable, and the Matters Asserted Are Relevant to the Disposition of the Appeal

This appeal presents the meaning of the willfulness element of a monopolization claim under *United States v. Grinnell Corp.*, 384 U.S. 563, 570–71 (1966), as applied to a corporate acquisition—whether the element requires proof of the defendant's subjective purpose or instead asks an objective question about the character of the challenged conduct, and, where the challenged conduct is an acquisition, what must be shown about the acquisition itself. The parties' briefs join those questions; the accompanying brief addresses them from a perspective the parties do not supply—that of former antitrust officials whose concern is which formulations of the element agencies can administer, courts can apply, and firms can conform their conduct to at the time of decision.

The matters asserted are relevant to the disposition of the appeal because they concern the dispositive element on which the district court granted summary judgment, and because the standard this Court adopts will govern conduct well beyond this case: as the district court recognized, a rule under which the deliberate act of acquisition satisfies the willfulness element would "subject every corporate acquisition to an after-the-fact review based on what the company did with the assets that it, at the time, had no knowledge of." *CareFirst of Md. v. Johnson & Johnson*, 2026 WL 114415, at *8–9 (E.D. Va. Jan. 14, 2026). The accompanying brief

proposes a specific, administrable formulation of the element in acquisition cases—whether the acquired assets were reasonably capable of contributing to monopoly power in the allegedly monopolized market at the time of the acquisition—synthesized from *Grinnell*, *Aspen Skiing Co. v. Aspen Highlands Skiing Corp.*, 472 U.S. 585 (1985), *SCM Corp. v. Xerox Corp.*, 645 F.2d 1195 (2d Cir. 1981), and *United States v. Microsoft Corp.*, 253 F.3d 34 (D.C. Cir. 2001) (en banc). That analysis is not duplicative of the parties' briefing and may assist the Court in resolving the questions presented.

No party's counsel authored the accompanying brief in whole or in part; no party or party's counsel contributed money intended to fund its preparation or submission; and no person other than amici and their counsel contributed such money. Fed. R. App. P. 29(a)(4)(E). Pursuant to Rule 26.1, TechFreedom states that it has no parent corporation and that no publicly held corporation owns 10% or more of its stock; the individual amici are natural persons to whom Rule 26.1 does not apply.

## CONCLUSION

For the foregoing reasons, amici respectfully request that the Court grant leave to file the accompanying brief as amici curiae in support of Defendants-Appellees and affirmance.

Respectfully submitted,

/s/ Bilal Sayyed

Bilal Sayyed
Senior Competition Counsel
TechFreedom
1500 K Street N.W., Floor 2
Washington, D.C. 20005
(703) 477-2871
bsayyed@techfreedom.org
*Counsel for Amici Curiae*

Dated: August 19, 2026

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts exempted by Fed. R. App. P. 32(f), it contains 737 words. It complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

/s/ Bilal Sayyed

Bilal Sayyed

## CERTIFICATE OF SERVICE

I certify that on August 19, 2026, I electronically filed the foregoing motion, together with the accompanying brief, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Bilal Sayyed

Bilal Sayyed